FILED
11/20/2023
*Tammy Helmuth*
CLERK
Dawson County District Court
STATE OF MONTANA
By: Tracey Rod
DV-11-2023-0000102-PL
Rieger, Olivia
1.00

Cory R. Laird
Riley M. Wavra
LAIRD COWLEY, PLLC
2315 McDonald Avenue, Suite 220
Missoula, MT 59801
P.O. Box 4066
Missoula, MT 59806-4066
Telephone: (406) 541-7400
Facsimile: (406) 541-7414
Email: claird@lairdcowley.com
rwavra@lairdcowley.com

Brad Condra
MILODRAGOVICH, DALE & STEINBRENNER, P.C.
P.O. Box 4947
Missoula, MT 59806
Telephone: (406) 728-1455
Facsimile: (406) 549-7077
Email: bcondra@bigskylawyers.com

*Attorneys for Plaintiff*

**MONTANA SEVENTH JUDICIAL DISTRICT COURT,
DAWNSON COUNTY**

| | |
|---|---|
| PARKLAND USA CORPORATION, d/b/a MORT DISTRIBUTING and FARSTAD OIL,<br><br>Plaintiff,<br><br>vs.<br><br>SENECA TANK, INC.; JOHN DOES 1–5,<br><br>Defendant. | Cause No. DV 23-0102<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

COMES NOW, Parkland USA Corporation d/b/a Mort Distributing and Farstad Oil ("Parkland"), and for its Complaint and Demand for Trial by Jury against Defendant Seneca Tank, Inc. ("Seneca"), states and alleges as follows:

## PARTIES

1. Parkland is a foreign, for-profit, corporation organized under Delaware law that, at all times relevant herein, was actively conducting business in Montana.

2. Parkland is a successor corporation to Mort Distributing, Inc. ("Mort Distributing"), a limited liability company organized under the laws of Montana.

3. At all times relevant herein, Mort Distributing was actively conducting business in Montana.

4. Seneca is a corporation organized under Iowa law that, at all times relevant herein, availed itself of the right to do business in Montana.

5. John Does 1–10 are fictitious persons or entities legally responsible for the unlawful actions or inactions complained of herein, whose true names, capacities, and identities are currently unknown. Parkland therefore brings this action against such fictitious persons or entities by such fictitious names and will seek leave to amend this Complaint when their true names, capacities, and identities are ascertained, together with additional and further appropriate allegations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action.

7. This Court has personal jurisdiction over Seneca.

8. Venue is proper in this Court.

## GENERAL ALLEGATIONS

9. Seneca specializes in the sale of fuel tank trucks to customers across the

United States.

10. Seneca represents to the public that the fuel tank trucks it sells are "turn-key" and "work ready."

11. On or about May 29, 2014, Seneca sold a Seneca "FuelMaster" Model LP35A, 3500-gallon, fuel tank truck (the "Truck") to Parkland's predecessor entity, Mort Distributing.

12. At the time of the sale, Mort Distributing was operating as a fuel distributor, serving customers across eastern Montana.

13. Seneca had a longstanding business relationship with Mort Distributing and understood that Mort delivered gasoline and diesel using the fuel trucks it purchased from Seneca.

14. Seneca had sold fuel trucks to Mort Distributing over a period of more than twenty (20) years.

15. The Truck was equipped with a DOT 406 fuel transportation tank which was designed to transport fuels with a lower flash point, including class 1 flammable and combustible liquids.

16. Seneca designed, manufactured, and equipped the Truck to top load open tanks without a sealed connection.

17. The top loading of open tanks without a sealed connection is well understood by fuel truck designers and manufacturers and is understood to generate static electricity which carries with it the potential for causing explosions and fires.

18. Despite being designed for the loading and unloading, including top loading of fuel with a lower flash point, the Truck was not designed, manufactured, assembled, or sold with any external grounding mechanism or equipment.

19. The lack of any external grounding mechanism or equipment on the Truck rendered it unreasonably dangerous to users and consumers, including Mort Distributing.

20. Despite being designed for the loading and unloading of fuel with a lower flash point, the Truck was not designed, manufactured, assembled, or sold with any means to bond the Truck to the vessel or tank which was being filled with fuel.

21. The Truck was designed, manufactured, and equipped to top load fuel without a sealed connection.

22. Trucks which are designed, manufactured and equipped to top load fuel are required to have provisions for bonding and grounding.

23. The lack of any mechanism to bond the Truck to the vessel or tank being filled with fuel rendered it unreasonably dangerous to users and consumers, such as Mort Distributing.

24. Mort Distributing was unaware that the Truck was not properly equipped for top loading lower flash point fuels.

25. Seneca failed to warn Mort Distributing of the injury-causing risk associated with the Truck's lack of any external grounding or bonding mechanisms or equipment.

26. This rendered the Truck unreasonably dangerous.

27. On or about November 24, 2020, a driver from Mort Distributing was operating the Truck near Bloomfield, Montana, for the purposes of transferring fuel into a customer's above ground fuel tanks.

28. Because of the lack of any available bonding or grounding equipment on the Truck, the Truck was not grounded or bonded when the fuel was transferred from the Truck into the customer's above ground tanks via a top loading process which did not utilize a sealed connection.

29. During the top loading fuel transfer process, static electricity buildup caused the fuel being transferred from the Truck into the customer's above ground tanks to ignite.

30. Such ignition caused property damage and catastrophic physical injuries.

## COUNT ONE
## STRICT PRODUCTS LIABILITY—DESIGN AND/OR MANUFACTURING DEFECT

31. Parkland restates and realleges each and every allegation of this Complaint as if fully set forth herein.

32. Parkland brings this claim for strict products liability, pursuant to Montana Code Annotated § 27-1-719.

33. Seneca is engaged in the business of the designing, manufacturing, testing, and selling fuel tank trucks, such as the Truck.

34. Seneca made all decisions, including but not limited to designing, manufacturing, testing, selling, supplying, and distributing, with respect to the Truck.

35. The Truck was expected to, and did, reach Mort Distributing without substantial change in the condition in which it was sold.

36. When the Truck was sold to Mort Distributing by Seneca, it was in a defective condition, unreasonably dangerous to Mort Distributing, because, among other things, it was designed, manufactured, and sold, without any external grounding mechanism or equipment.

37. The Truck's defective condition is fairly traceable to Seneca.

38. The Truck's defective condition was not open and/or obvious to Mort Distributing, nor did Mort Distributing unreasonably make use of the Truck.

39. Mort Distributing did not misuse, or unreasonably misuse, the Truck, nor did any misuse of the Truck cause or contribute to the injuries complained of herein.

40. The Truck has been identified as the root cause of the ignition event discussed above, which caused property damage and personal injury in Montana.

41. The Truck's defective condition caused the accidents and injuries complained of in this action.

42. Seneca's actions or inactions, complained of herein, caused the accrual of a tort in Montana.

43. The Truck's defective condition has caused Parkland to suffer damages in an amount to be proven at trial.

## COUNT TWO
## STRICT PRODUCTS LIABILITY—FAILURE TO WARN

44. Parkland restates and realleges each and every allegation of this Complaint

as if fully set forth herein.

45. Parkland brings this claim for strict products liability, pursuant to Montana Code Annotated § 27-1-719.

46. Seneca is engaged in the business of designing, manufacturing, testing, and selling fuel tank trucks, such as the Truck.

47. Seneca made all decisions, including but not limited to designing, manufacturing, testing, selling, supplying, and distributing, with respect to the Truck.

48. The Truck was expected to, and did, reach Mort Distributing without substantial change in the condition in which it was sold.

49. When the Truck was sold to Mort Distributing by Seneca, it was in a defective condition which, because of the lack of, or an inadequate, warning rendered the Truck unreasonably dangerous.

50. The Truck's defective condition is fairly traceable to Seneca.

51. The Truck's defective condition was not open and/or obvious to Mort Distributing, nor did Mort Distributing unreasonably make use of the Truck.

52. Mort Distributing did not misuse, or unreasonably misuse, the Truck, nor did any misuse of the Truck cause or contribute to the injuries complained of herein.

53. The Truck has been identified as the root cause of the ignition event discussed above, which caused property damage and personal injury in Montana.

54. The Truck's defective condition caused the accident and injuries complained of in this action.

55. Seneca's actions or inaction, complained of herein, caused the accrual of a tort in Montana.

56. As such, the Truck's defective condition has caused Parkland to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Parkland respectfully prays for the following relief:

1. For judgment in its favor;
2. For an award of damages;
3. For an award of attorneys' fees and costs, as permitted by law or contract;
4. For an award of pre- and post-judgment interest; and
5. For all such further and other relief as this Court may deem proper, just, and equitable.

DATED this 20th day of November, 2023.

LAIRD COWLEY, PLLC

By: /s/ Cory R. Laird
Cory R. Laird
Attorney for Parkland

MILODRAGOVICH, DALE & STEINBRENNER, P.C.

By: /s/ Brad Condra
Brad Condra
Attorney for Parkland

**JURY DEMAND**

Parkland hereby requests a jury trial on all issues so triable.

DATED this 20th day of November, 2023.

LAIRD COWLEY, PLLC

By: /s/ Cory R. Laird
Cory R. Laird
Attorney for Parkland

MILODRAGOVICH, DALE &
STEINBRENNER, P.C.

By: /s/ Brad Condra
Brad Condra
Attorney for Parkland